# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JUDY BURKHOLDER )
 )
      **Plaintiff,** )
 ) CIVIL ACTION
v. )
 ) No. 09-2322-KHV
GATES CORPORATION, )
 )
      **Defendant,** )
_____)

## MEMORANDUM AND ORDER

Under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., plaintiff alleges that Gates Corporation refused to hire her because of her association with a disabled person. This matter is before the Court on plaintiff's Motion For Partial Summary Judgment (Doc. #24) filed October 2, 2009.

Plaintiff seeks summary judgment on her claim that defendant refused to hire her because of her association with a disabled person (her husband) in violation of 42 U.S.C. § 12112.[1] To obtain summary judgment, plaintiff must demonstrate that no genuine issue of material fact exists with regard each of the following elements: (1) plaintiff was "qualified" for the job at the time of the adverse employment action; (2) plaintiff was subjected to adverse employment

---

[1] The ADA states in relevant part as follows:

> No covered entity shall discriminate against a qualified individual on the basis of disability. . . [by] excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

42 U.S.C. § 12112(a), (b)(4).

1

action; (3) at the time, the employer knew that plaintiff had a relative or associate with a disability; (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision. Den Hartog v. Wasatch Acad., 129 F. 3d 1076, 1085 (10th Cir. 1997).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). In the reply brief in support of her motion, plaintiff concedes that defendant has demonstrated a genuine issue of material fact whether it knew that plaintiff's husband was disabled when plaintiff applied for a job. See Reply In Support Of Plaintiff's Motion For Partial Summary Judgment (Doc. #39), filed November 19, 2009 at 3. The Court therefore finds that plaintiff is therefore not entitled to summary judgment.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Partial Summary Judgment (Doc. #24), filed October 2, 2009 be and hereby is **OVERRULED.**

Dated this 19th day of March, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge